IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge

Criminal Action No.  12-cr-00133-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  REGINALD T. BROWN,

    Defendant.

**SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON THE ENTRY OF A PLEA OF GUILTY**

**Blackburn, J.**

    On October 26, 2012, I conducted a change of plea hearing during which (1) the defendant, his counsel, counsel for the government, and I formally reviewed and considered the plea agreement of the parties as stated in Court's Exhibits 1 and 2 ("plea agreement"); (2) I rearraigned the defendant under Fed. R. Crim. P. 10; and (3) I formally advised the defendant and conducted providency proceedings under Fed. R. Crim. P. 11.

    On December 4, 2012, I conducted a supplemental providency proceedings under Fed. R. Crim. P. 11. During this hearing I reviewed carefully and thoroughly with the defendant the one change to the plea agreement: the reservation under Fed. R. Crim. P. 11(a)(2) of the right of the defendant to appeal my **Order Denying Motion To Suppress** [#32] entered July 20, 2012.

    Thus, based upon my exchange and colloquy with the defendant under oath in open court on the record on both October 26 and December 4, 2012; based upon the representations, remarks, and statements of counsel for the government and counsel for

the defendant; based upon my review of the file and my review of the written plea agreement as stated in the initial and the subsequent sets of Court's Exhibits 1 and 2, I enter and/or ratify the following findings of fact and conclusions of law:

That the defendant appeared to be alert and not under the influence of or impaired by drugs, narcotics, marihuana, alcohol, medication, or intoxicants;

That the defendant was competent and fully understood the nature, circumstances, and essential elements of the offenses to which the pleas of guilty were entered;

That the defendant understands clearly that the government has the right in a prosecution for perjury or false statement to use against the defendant any statement that the defendant gives under oath;

That the defendant understood the direct and collateral consequences that he may suffer or experience as a result of his participation in the plea agreement, his pleas of guilty, and the resultant felony convictions and sentences;

That the defendant's pleas of guilty were made and entered voluntarily, knowingly, intelligently and intentionally, and were not the result of mistake; misunderstanding, fear, force, threats, coercion, or undue influence by anyone;

That the defendant's pleas of guilty were not the result of any promise or inducement made by anyone, including legal counsel;

That the defendant understood each of his legal rights, including the rights enumerated at Fed. R. Crim. P. 11(b)(1)(B)and (E), and his right to a trial by jury and his right to be represented throughout this criminal case by an attorney even if indigent; and that the defendant freely, voluntarily, knowingly, intelligently, and intentionally waived his

rights and privileges, including the right to trial by jury, but excepting his right to be represented throughout this criminal case by an attorney even if indigent and his right to appeal the **Order Denying Motion To Suppress** [#32] entered July 20, 2012;

That the defendant understood the maximum possible penalties, including imprisonment, fine, and term of supervised release;

That the defendant understood that in imposing sentence, I must consult and consider the purposes and goals of sentencing as prescribed by Congress, the relevant provisions of the advisory United States Sentencing Guidelines, any motion for a sentence departure or variance, and the provisions of 18 U.S.C. § 3553 (a)(1)-(7);

That the defendant understood that the court will not be bound by any representations by anyone concerning the penalty to be imposed, except as specified in the plea agreement or on the record;

That a factual basis existed to support and sustain the plea agreement and the defendant's pleas of guilty;

That the defendant was represented at both change of plea hearings and throughout this case by effective and competent counsel with whom the defendant had no objection, criticism, or complaint whatsoever;

That the defendant had sufficient time to read, review, discuss, and consider the initial plea agreement and the revised plea agreement and to discuss them carefully and thoroughly with his attorney;

That the defendant read, understood, and accepted each and every term and provision within the revised plea agreement, which he reviewed carefully and thoroughly with his attorney;

That the revised plea agreement conformed in form and substance to the requirements of law, including The Local Rules of Practice of the United States District Court for the District of Colorado-Criminal; and

That on the record considered as a whole, I conclude that I may continue to accept the defendant's pleas of guilty, which were entered on October 26, 2012, now in the context of his plea agreement as revised to preserve his right to appeal the **Order Denying Motion To Suppress** [#32] entered July 20, 2012, and defer formal approval of the revised plea agreement as stated in Court's Exhibits 1 and 2 that were dated and signed by the defendant and his attorney on December 4, 2012, pending opportunity to consider the presentence report.

Dated December 4, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge